# United States Court of Appeals
**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

———

Argued May 2, 2008          Decided May 23, 2008

No. 03-1072

JAMES A. KAY, JR.,
APPELLANT

v.

FEDERAL COMMUNICATIONS COMMISSION,
APPELLEE

———

Consolidated with 05-1290

———

Appeals of Orders of the Federal Communications
Commission

———

*Robert J. Keller* argued the cause and filed the briefs for appellant.

*Pamela L. Smith*, Counsel, Federal Communications Commission, argued the cause for appellee. With her on the brief were *Matthew B. Berry*, General Counsel, *Joseph R. Palmore*, Deputy General Counsel, and *Daniel M. Armstrong*, Associate General Counsel. *Gregory M. Christopher* and *Roberta L. Cook*, Counsel, entered appearances.

Before: TATEL, GARLAND and KAVANAUGH, *Circuit Judges*.

Opinion for the Court filed by *Circuit Judge* KAVANAUGH.

KAVANAUGH, *Circuit Judge*: In 1991, the Federal Communications Commission granted a five-year, private land mobile radio station license to Francisco Padilla. That same year, it granted a similar five-year license to Vince Cordaro. James Kay reached agreements with Padilla and Cordaro for them to assign their licenses to him. Kay then filed assignment applications with the Commission. But Padilla and Cordaro did not apply to renew their five-year licenses, and the Commission failed to act on Kay's assignment applications before the Padilla and Cordaro licenses expired in 1996. The Commission then dismissed Kay's assignment applications because an expired license cannot be assigned. *See In re Transit Mix Concrete & Material Co.*, 16 F.C.C.R. 15,005, 15,006 ¶ 2, 15,007 ¶ 5 (2001).

Kay petitioned the Commission to review the dismissals. The Commission denied his petitions, reasoning that neither Padilla nor Cordaro had filed "a timely renewal application" and that "a pending assignment application does not extend the expiration date of an underlying Commission license." *In re Kay*, 18 F.C.C.R. 2366, 2367 ¶ 5 (2003) (Kay-Padilla); *In re Kay*, 18 F.C.C.R. 7585, 7586 ¶ 5 (2003) (Kay-Cordaro). The Commission explained that Padilla and Cordaro should have renewed their licenses before the licenses expired if they intended to assign them to Kay.

Before this Court, Kay maintains that the Commission should have considered his assignment applications despite

the expiration of the licenses. He relies on the Administrative Procedure Act, which says in relevant part: "When the licensee has made timely and sufficient application for a renewal or a new license in accordance with agency rules, a license with reference to an activity of a continuing nature does not expire until the application has been finally determined by the agency." 5 U.S.C. § 558(c); *see also Pan-Atl. S.S. Corp. v. Atl. Coast Line R.R. Co.*, 353 U.S. 436, 439 (1957). In Kay's view, because he filed timely applications for assignments of the licenses before they expired, § 558(c) prevented the licenses from expiring until the agency ruled on his assignment applications.

Kay's argument flouts the plain text of the APA. By its terms, the statute does not apply to him – first, because he is not a "licensee," and second, because he did not apply for "a renewal or a new license." Rather, he is a potential assignee who applied for assignments of existing licenses. *Cf. Miami MDS Co. v. FCC*, 14 F.3d 658, 659-60 (D.C. Cir. 1994) ("The policy behind the third sentence of [§ 558(c)] is that of protecting those persons who already have regularly issued licenses . . . .") (internal quotation marks and emphasis omitted).

Resisting the plain text of § 558(c), Kay argues that there is "virtually no significant difference between an assignment of license application and an application for a new license." Kay Br. at 13. But the text of § 558(c) refers only to applications for license renewals and new licenses, which are distinct from applications for license assignments. And the basic problem for Kay's argument is that, as the Supreme Court has emphasized time and again, courts have no authority to rewrite the plain text of a statute. *See, e.g.*, *Arlington Central Sch. Dist. Bd. of Educ. v. Murphy*, 126 S. Ct. 2455, 2459 (2006); *Hartford Underwriters Ins. Co. v.*

*Union Planters Bank, N.A.*, 530 U.S. 1, 6 (2000). Section 558(c) of the APA is not exempt from this general principle of statutory interpretation.

Section 558(c) prevents the unfairness that would result if agency delay caused a licensee to lose a license despite having filed a timely renewal application. *See Miami MDS Co.*, 14 F.3d at 659-60. But there is no unfairness in the assignment context because a potential assignee may simply demand, as a condition of the assignment contract, that the potential assignor (the license holder) seek a timely renewal from the Commission. That is what Kay should have done here; his quarrel is properly with Padilla and Cordaro, not the Commission.[*]

*Affirmed.*

---

[*] Kay also argues that 47 U.S.C. § 310(d) requires assignment applications to be treated the same as new-license applications, and that the Commission's failure to treat them the same was discriminatory. Because Kay did not raise those arguments before the Commission, this Court does not have jurisdiction to consider them. *See* 47 U.S.C. § 405(a); *Qwest Corp. v. FCC*, 482 F.3d 471, 474 (D.C. Cir. 2007).